# HARVEY O'NEAL *et al.*
## *v.*
## BENJAMIN O. AUTEN.

ESTOPPEL IN PAIS.  A held the legal title to land, and gave a bond to convey to B, on the payment of a certain sum, and let B into possession. B, with the knowledge of A, sold to C, as the absolute owner, and the latter went into possession and made improvements.  A controversy arising between A and B, as to whether the land had been paid for or not, they made a statement in writing, of their account, signed by both, and therein A agreed to convey to C, if B would redeem the land from a certain execution sale on a judgment against A.  This redemption C made as a part of his purchase price.  On a bill brought by C, against A and B, to compel a conveyance, it was *held* that by the settlement, between A and B, the former was estopped from resisting a conveyance to C, upon a claim that B had not paid him for the land.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

The facts of the case, so far as considered by the court, are as follows:

On the 16th of January, 1861, the complainant, Auten, filed his original bill, averring that on the 12th of March, 1858, he bought of one Jas. M. Ruggles, the W. half N. W. qr. of N. E. qr. of sec. 17, T. 29 north of R. 9 west, 3 P. M.—excepting 5 acres; that a deed was executed by Ruggles and wife, which was recorded; that Ruggles had previously conveyed said premises to one C. P. Richardson, and took a mortgage for the purchase money; that Richardson agreed with Ruggles to reconvey, and under such agreement delivered possession of said premises to Ruggles, who retained possession until the conveyance from Ruggles to Auten.

The bill further sets out, that Auten, under the conveyance from Ruggles, took possession of said premises, and continued in possession until the filing of the bill, and had made improvements on the same worth two thousand dollars.

The complainant further avers, that said Richardson and Ruggles refuse to perfect the title in Auten, and said Richardson refuses to convey to Ruggles, and pretends that he is the owner in fee; prays that a decree may be made, compelling a conveyance to complainant, of Richardson's interest in said premises.

On the 26th of October, 1861, C. P. Richardson filed his answer, in which he avers, that long before the purchase of said premises by Auten of Ruggles, he had bought the same of Ruggles, had paid the purchase money in full and received a conveyance in fee from Ruggles—which title he still held.

The answer further shows, that on the 15th day of September, 1860, he bargained said land to J. M. Ruggles and gave him a bond for a deed, conditioned to convey said premises to Ruggles on the payment of $900, a copy of which bond is made an exhibit, and that no part of said sum of $900 has been paid.

The answer of J. M. Ruggles admits a sale to Auten and prior sale to Richardson, and avers that the note and mortgage were taken for the purchase money, which are made exhibits, admits possession was taken of the premises sold, by Auten, and continued in Auten till filing of bill; admits that possession was transferred by Richardson to respondent, and avers that Richardson at that time said he had lost the deed executed by him to Ruggles, and no reconveyance was necessary; that in 1860, finding the deed to Richardson recorded, respondent had a settlement with Richardson. The settlement was reduced to writing, and by it Ruggles bound himself to satisfy certain judgments of McCoy & Co. against Richardson, in consideration that Richardson would convey to Auten. The answer further avers that he paid $100 more than he owed, to accomplish this settlement.

The answer denies any purpose to wrong Auten, and denies all knowledge of any bond given by Richardson to Ruggles, as set out in Richardson's answer. The answer further avers that he had frequently applied to Richardson to execute a bond

for a deed, and that he had bought in a certificate of the purchase of said premises, issued to McCoy & Co., to enable him to perfect the title in Auten.

It appeared there was considerable controversy between Richardson and Ruggles, as to the exact status of their equities in the land—Ruggles claiming that he had sold the land to Richardson, and taken his bond for a reconveyance, if the land was not paid for; while Richardson seemed to claim that he had paid the original purchase money, and that the bond was on a resale to Ruggles, and the consideration was the balance due him after deducting the original purchase money.

The claims of the parties, and the testimony as to the merits of the case, between Ruggles and Richardson, were conflicting. It appeared that Auten, when making the purchase, had been in some doubt as to which of these parties the title should come from, but finally, with the knowledge of Richardson, bought of Ruggles, and took a deed from him. The settlement or exhibit "B," referred to in the opinion, is as follows:

Whereas, an unsettled account has been long standing between C. P. Richardson and J. M. Ruggles, of Mason county, Illinois, this is to show that we have this day settled all matters of debt, claims and accounts between us, on the following terms, to wit: C. P. Richardson hereby agrees to deed to B. C. Auten the land sold to him by J. M. Ruggles, (described here,) and J. M. Ruggles agrees to redeem the lands sold to satisfy a judgment in favor of McCoy & Co. against said Richardson, and this being done, all claims of whatsoever kind between us individually are hereby settled and cancelled, and also the book account of Ruggles & Co. of $155.47. Dated at Bath, this 12th of June, A. D. 1860.

J. M. RUGGLES.     [SEAL.]<br>C. P. RICHARDSON. [SEAL.]

The land sold to satisfy the McCoy & Co. judgment was the same in controversy, and Auten himself redeemed from the sale.

Mr. LYMAN LACEY and Mr. H. E. DUMMER, for the plaintiffs in error.

Messrs. ROBERTS & GREEN, for the defendant in error.

Per CURIAM: From the complicated and somewhat contradictory statements of the witnesses, of the facts, it is not entirely easy to arrive at the truth of the case. The agreement between Richardson and Ruggles, of the 12th of November, 1860, referred to as exhibit B, shows that on the day of its date, those parties had settled all matters of debts, claims and accounts between them on these terms : that Richardson should deed to Auten, the complainant in the original and amended bills, and to which Richardson and Ruggles were parties, the land in question, which Ruggles had sold him, he, Ruggles, undertaking to redeem the land which had been sold to satisfy a judgment against Richardson in favor of McCoy, Howe & Co.—which was done by Auten. Ruggles, when he conveyed to Auten, was the equitable owner of the land, the legal title being in Richardson. Richardson knew Auten had bought the land of Ruggles—knew he had taken actual possession of it, and knew also, he was making valuable improvements on it, and never forbid him or pretended any title to the land, after the 12th of June, 1860.

This agreement and the payment by Auten, under it, ought to be considered as settling the equities of these parties, and the circuit court decided properly, in requiring Richardson to execute a deed of release to Auten, and that decree must be affirmed.

*Decree affirmed.*